# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| KELLY STEVENSON-COTTON and THE ESTATE OF RONALD GLEN COTTON, JR., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-00098 |
| GALVESTON COUNTY, SHERIFF HENRY TROCHESSET, DR. ERIN BARNHART, M.D., DR. GARRY KILLYON, BOON-CHAPMAN BENEFIT ADMINISTRATORS, INC., SOLUTA, INC., SOLUTA HEALTH, INC., TERESA BECKER AND KATHY WHITE A/K/A KATHY JEAN JORDAN, | § § § § § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS DR. GARRY KILLYON, BOON-CHAPMAN BENEFIT ADMINSITRATORS, INC., SOLUTA, INC., SOLUTA HEALTH, INC., AND KATHY WHITE a/k/a KATHY JEAN JORDAN'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants **DR. GARRY KILLYON, BOON-CHAPMAN BENEFIT ADMINISTRATORS, INC., SOLUTA, INC., SOLUTA HEALTH INC., AND KATHY WHITE A/K/A KATHY JEAN JORDAN** ("Healthcare Defendants") file this Reply to Plaintiffs' Response in Opposition to Motion for Summary Judgment.

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ 2

I.      SUMMARY OF REPLY ......................................................................... 3

II.     OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE ................... 3

        A.      Defendants' Objections to Plaintiff's Evidence ............................. 3

        B.      Defendants' Response to Plaintiff's Objections ............................. 5

III.    REPLY TO PLAINTIFF'S RESPONSE ................................................ 6

        A.      Plaintiff's allegations and purported supporting evidence do not
                amount to deliberate indifference or substantial harm sufficient to
                support her § 1983 claim and she fails to properly dispute causation
                which is fatal for all federal and state law claims. ........................ 6

        B.      Plaintiff does not provide sufficient evidence of any specific policies
                and fails to present evidence of a causal link between her alleged de-
                facto policy and Cotton's death. .................................................... 8

        C.      Plaintiff fails to establish standing on behalf of Cotton's Estate. ................. 9

        D.      Plaintiff presents no admissible evidence of damages in her response
                to support recovery under the Wrongful Death Statute. ............... 9

        E.      Plaintiff does not refute summary judgment on the § 1985 claims............. 10

        F.      The Court can dismiss the Survival Statute claims due to lack of
                standing, all state claims due to lack of causation and damages
                evidence or simply refuse to accept supplemental jurisdiction.................. 10

PRAYER ....................................................................................................... 11

# I.     SUMMARY OF REPLY

Plaintiff has not and cannot provide sufficient evidence to meet the standard of deliberate indifference or substantial harm and does not properly refute lack of causation on any of the federal or state law claims asserted. Plaintiff provides no evidence of unlawful policies, written or de facto, that allowed or required medical staff to perform duties beyond their scope of practice, delay or deny medical care to individuals in custody, or not send inmates for outside care until there was a critical need. Plaintiff cannot show that any unlawful policy of Healthcare Defendants was a cause-in-fact of Cotton's death. Plaintiff does not provide sufficient evidence to show standing to bring a claim on behalf of Cotton's Estate under the Texas Survival Statute. Any remaining state law claims under the Texas Wrongful Death Statute cannot proceed as Plaintiff does not provide sufficient evidence to support damages. Finally, if the Court does not dismiss the state law claims, it can simply refuse to take supplemental jurisdiction. Accordingly, Healthcare Defendants are entitled to summary judgment on all claims.

## II.     OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

### A.  DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE

Healthcare Defendants make the following objections:

•    Healthcare Defendants object to the numerous factual statements Plaintiff makes in her response which are not supported by citation to any source or exhibit. *See McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) ("Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence."). Plaintiff blindly cites to exhibits without providing page numbers

to locate and even cites to an Exhibit that is not on file (citing Exhibit H, Ms. Pamela Thompson Cotton's Declaration, which is not in the record). *See* Dkt. 48 at p. 16; *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (explaining Courts have no duty to sift through the record in search of evidence to support a party's opposition to summary judgment).

- Healthcare Defendants object to Plaintiff's Exhibit D, Dr. Dalawari's "Affidavit" (*see* Dkt. 48 at p. 5, noting that it is an Affidavit) as it does not meet the requirements of an Affidavit and is e-signed. *See* Dkt. 48-4. Further, it provides speculative opinions and opinions not supported by the facts in the medical records (i.e. asserting knowledge of diabetes by Medical Defendants which the records do not support given Cotton's multiple medical records showing he denied having diabetes as addressed in this Brief).

- Healthcare Defendants object to Plaintiff's Exhibits E and F (deposition transcripts) to the extent that they contain irrelevant information. *See* Dkt. 48-5; 48-6. Healthcare Defendants also preserve their objections made within these exhibits.

- Healthcare Defendants object to any reference to Exhibit H, Ms. Pamela Thompson Cotton Declaration, as no such declaration is present in the filing. The only document present under Exhibit H is the Autopsy Report. *See* Dkt. 48 at p. 5; Dkt. 48-8. Plaintiff even notes such in the summary judgment exhibit section of her Response. *See* Dkt. 48 at p. 5.

- Healthcare Defendants object to Exhibit G to the extent to it provides

speculation testimony on the part of Kelly Stephenson. *See* Dkt. 48-7; *Vance v. N. Panola Sch. Dist.*, 189 F.3d 470 (5th Cir. 1999) (holding "district court properly ruled this affidavit inadmissible" because affiant speculated on defendant's intent). In addition, Stephenson does not state in the declaration her factual statements are based on personal knowledge. *See* Dkt. 48-7; *See* FED. R. CIV. P. 56(c)(4). Also, the attached photographs were never produced in discovery and should not be considered as evidence. *See* Dkt. 48-7 at pp. 2-3. Further, the photograph of the Metformin is from 2014, five years prior to the incident in question so it is irrelevant as there is no mention of Metformin in any of the medical records before the Court. Also, Healthcare Defendants object that several of Stephenson's statements are based on hearsay. Finally, Healthcare Defendants object that Stephenson is not qualified to opine about applicable medical standards of care, the condition of Cotton's health, or the cause of his death as she lacks any qualification to make such opinions, and her opinions are otherwise conclusory and speculative.

## B. DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Affidavits and Reports of Drs. Stupka and Fincke vaguely citing to FRE 702 and 703 making the accusation that they are not fully based on the facts in the records (primarily regarding the issue of diabetes). However, as noted in the reports and affidavits, both doctors are fully qualified in their fields of practice. *See* Dkt. 45-4 at p. 1; 45-5 at p. 1-2; 45-6 at p. 1; 45-7 at p. 1-2. Their opinions are based on the evidence presented by Plaintiff (Plaintiff's Exhibit A and Exhibit B) as Cotton's medical records from the jail clearly note that Cotton reported as not being diabetic in his 2016 and 2019 incarcerations. *See* Dkt. 45-1 at Cotton 707, Cotton 699, Cotton 691, Cotton

674, Cotton 664.   The records from UTMB note Cotton's statement to the UTMB medical staff that he: "Denies hx of diabetes…"   *See* Dkt. 48-1 at Cotton 407 (Plaintiff's Exhibit B).   All of this is not hearsay but an opposing party admission and Plaintiff has waived any objections to the records she produced with her response.   Regardless, it is undisputed through the affidavit of Dr. Stupka that, when Cotton was at UTMB, he had a 99% chance of survival, a fact that Plaintiff's expert, Dr. Dalawari, does not refute as he does not even mention the 99% survival rate in his inadmissible "Affidavit."   *Compare* Dkt. 45-5 at pp. 4-5 *with* Dkt. 48-4.

### III.   REPLY TO PLAINTIFF'S RESPONSE

**A.   Plaintiff's allegations and purported supporting evidence do not amount to deliberate indifference or substantial harm sufficient to support her § 1983 claim and she fails to properly dispute causation which is fatal for all federal and state law claims.**

In the present matter, Plaintiff's allegations and purported evidence regarding the treatment administered to Cotton demonstrate a disagreement with the treatment provided, but Plaintiff cannot show that Cotton was ignored or intentionally deprived of medical treatment. Thus, the allegations and purported evidence do not support a finding of deliberate indifference. On the contrary, the evidence on record shows Cotton was evaluated and administered treatment throughout his time at the facility for the symptoms he exhibited as was previously cited in the original Motion and incorporated herein.[1]   *See*

---

[1] Plaintiff contends that Cotton had a known history of diabetes.  *See* Dkt. 48 at pp. 13, 23.  However, the first record pasted into the Response comes from the UTMB records post-incident wherein apparently Cotton reported being diabetic in 2013.  *See* Dkt. 48-2 at Cotton 405. These records were not in Defendants' possession during his incarceration as they were created after he left the jail to go to UTMB. Further, there is no note that it

Doc. No. 45 at 8-9. The decision whether to provide additional medical treatment "is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97,107 (1972). Further, "an official's failure to alleviate a significant risk that [the official] should have perceived, but did not," is insufficient to show deliberate indifference. *Farmers v. Brennan*, 511 U.S. 825, 838 (1994). Plaintiff's assertions regarding any delay in treatment are actually complaints underlying the disagreement with treatment provided. In addition, Plaintiff has not presented evidence to establish a causal link between the alleged violation and the death as Plaintiff does not even address the causation argument in her Response. The only plausible attempt to show causation is through an inadmissible "Affidavit" of their expert, Dr. Dalawari. However, even if Dr. Dalawari's declaration is considered, he does not directly dispute Dr. Stupka's opinion that Cotton had a 99% chance of survival upon admission to UTMB and doesn't even mention it. *Compare* Dkt. 45-5 at pp. 4-5 *with* Dkt. 48-4. Due to this failure to properly dispute causation and alternative cause, all of Plaintiff's federal and state claims may be dismissed. *See* Dkt. 45 at pp. 14-15.

Given the foregoing, Plaintiff cannot refute summary judgement on this ground.

---

was active at the time of the incident and, in fact, Cotton <u>specifically denied that he had active diabetes to the UTMB staff</u> just as he had done at the jail. *See* Dkt. 48-2 at Cotton 407 ("Denies hx of diabetes…"). In addition, Plaintiff attempts to rely on a record from the jail from May 16, 2016, of one blood sugar check trying to tie such to an active diabetes diagnosis. *See* Dkt. 48-1 at Cotton 645. However, this is not evidence of an active diabetic condition and, in fact, diabetes was not reported by Cotton in his medical intake at the jail as a prior medical condition during that incarceration. *See* Dkt. 48-1 at Cotton 699 (intake for May 9, 2016). Further, the reported glucose level is 82 which, when referenced on any medical website available to the public, is within normal limits, further confirming this point. *See* Dkt. 48-1 at Cotton 645.

**B.    Plaintiff does not provide sufficient evidence of any specific policies and fails to present evidence of a causal link between her alleged de-facto policy and Cotton's death.**

Plaintiff alludes to the existence of specific "policies, practices and customs" in her Response but fails to prove up those policies, practices and customs and fails to show that they were the moving force behind Cotton's death. *See* Dkt. 48 at p. 15.

Again, Plaintiff's response is littered with unsubstantiated claims, and that is particularly true when Plaintiff argues that unlawful policies, practices and customs have been implemented. Plaintiff specifically argues, without evidence, that the Defendants have a policy of "forbidding emergency medical attention to inmates in the Galveston County Jail unless the inmates are at the brink of death", "refusing to transport inmates to the hospital except in jail transportation vehicles" and "allowed LVN's…to perform beyond their scope of practice…and serve as gatekeepers in the jail." *See* Dkt. 48 at pp. 15, 17, 18-19. Plaintiff calls these de facto policies because they are unwritten. However, to prove these unwritten policies are in effect, Plaintiff would have to show that the policies are a "widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567,579 (5th Cir. 2001)). Plaintiff has failed to do so because she offers no evidence showing how it is Healthcare Defendants' common practice. To the extent that Plaintiff is taking issue with anyone but a doctor evaluating Cotton, LVN's across the state of Texas would not be able to obtain employment at any physician office for fear of being sued for allegedly performing duties outside the scope of their practice when a patient must see them prior

to seeing a physician.[2]

Moreover, even if Plaintiff proved up an unlawful policy, Plaintiff has not shown how those policies were the moving force behind Cotton's death. Once again, Plaintiff is arguing medical judgment which is not sufficient for deliberate indifference, so a causal connection is not possible. Thus, Plaintiff cannot refute summary judgement on this ground.

**C.      Plaintiff fails to establish standing on behalf of Cotton's Estate.**

As noted in Medical Defendants' Motion for Summary Judgment, Plaintiff must prove standing to bring a claim under the Texas Survival Statute in order to bring claims on behalf of Cotton's estate. *See* Doc. No. 45 at pp. 15-17. Plaintiff admits she has not opened a probate action and has presented no admissible proof that one is not required. *See* Dkt. 48 at p. 25. As such, she does not have standing and Plaintiff cannot refute summary judgment on this ground.

**D.      Plaintiff presents no admissible evidence of damages in her response to support recovery under the Wrongful Death Statute.**

Plaintiff only presents her declaration which, as noted in the objections, is not admissible to support proposed damages under the Wrongful Death Act. The declaration, assuming it is admissible, does not provide any evidence to refute her sworn deposition

---

[2] Plaintiff cites to various cases to try to show a barrier between the LVN and physician as evidence of deliberate indifference. *See* Dkt. 48 at pp. 28-29. However, the cases specially note knowingly disregarding a complaint. Cotton's complaints were not disregarded, examination was performed and treatment was provided on each occasion. *See* Dkt. 45 at p. 8. In addition, the medical records show that the provider (Dr. Killyon) was given notice of the conditions on March 12 and March 13 so there was no barrier to care as alleged. *See* Dkt. 48-1 at Cotton 646-647.

testimony and only provides conclusory statements. She provides no evidence of any financial assistance and how much, payment of medical expenses and how much, duration, nature, severity of mental anguish to support mental anguish or loss of consortium damages, nor reasons to support punitive damages. As noted, in Medical Defendants' Motion for Summary Judgment, Plaintiff had a tumultuous and adversarial relationship with Cotton including a divorce filing, sending him to jail and a protective order. *See* Doc. No. 45 at 17-20. Thus, Plaintiff cannot refute summary judgement on this ground.

**E.  Plaintiff does not refute summary judgment on the § 1985 claims.**

Plaintiff's Response does not have any argument on this point. As such, Plaintiff cannot refute summary judgement on this ground.

**F.  The Court can dismiss the Survival Statute claims due to lack of standing, all state claims due to lack of causation and damages evidence or simply refuse to accept supplemental jurisdiction.**

Contrary to assertions in Plaintiff's Response, Plaintiff's state law claims were not pleaded as alternative claims to Plaintiff's constitutional claims. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same occurrence forming the basis of Plaintiff's federal claims. As Healthcare Defendants argue in their Motion for Summary Judgment, the Court should dismiss the Survival Statute claims on a procedural basis due to standing issues and all of the state law claims given the failure to present evidence of causation and damages. *See* Dkt. 45 at pp. 14-20. Such arguments were previously provided and will not be reiterated herein. However, if viewed as alternative, this Court has no jurisdiction over the state law claims

because they would only be justiciable after dismissing the federal claims, effectively eliminating the Court's supplemental jurisdiction. Medical Defendants prefer full dismissal of the state law claims along with federal claims, but such is for the Court to determine if it wishes to accept supplemental jurisdiction.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Healthcare Defendants pray this Court grant their summary judgment motion, render a take-nothing judgment in favor of Healthcare Defendants as to all claims, and for other and further relief, whether in law or in equity, to which they may be deemed justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Christopher G. Rigler*

Christopher G. Rigler
ATTORNEY IN CHARGE
State Bar No. 24091028
U.S. Southern District ID #2385768
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 (Telephone)
(214) 871-8209 (Facsimile)
crigler@thompsoncoe.com

~and~

Zandra E. Foley
State Bar No. 24032085
U.S. Southern District No. 632778
Cory S. Reed
State Bar No. 24076640
U.S. Southern District No. 1187109
One Riverway, Suite 1400
Houston, Texas 77056

(713) 403-8200 (Telephone)
(713) 403-8299 (Facsimile)
creed@thompsoncoe.com
**ATTORNEYS FOR DEFENDANTS**
**BOON-CHAPMAN BENEFIT**
**ADMINISTRATORS, INC., SOLUTA,**
**INC., SOLUTA HEALTH, INC., GARY**
**KILLYON and KATHY WHITE**
**A/K/A KATHY JEAN JORDAN**

## CERTIFICATE OF SERVICE

This is to certify that on the 15th day of September 2022, a true and correct copy of the foregoing document has been served to all counsel of record via ECF notification in accordance with the Federal Rules of Civil Procedure.

U.A. Lewis
ATTORNEY-IN-CHARGE
State Bar No. 24076511
U.S. Southern District No. 1645666
myattorneyatlaw@gmail.com
Okwudili Onyekwelu
State Bar No. 24110867
oonyekwelu@thelewislaw.com
Damion Millington
State Bar No. 24111178
dmillington@thelewislaw.com
**THE LEWIS LAW GROUP, PLLC**
P.O. Box 27353
Houston, Texas 77227
(713) 570-6555 (Telephone)
(713) 581-1017 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

Robert E. Booth
ATTORNEY-IN-CHARGE
State Bar No. 24040546
Southern District No. 36858
rbooth@millsshirley.com
L. Jeth Jones, II
State Bar No. 24012927
Southern District No. 336350
jjones@millsshirley.com
Elizabeth A.McDonnell
State Bar No. 24012927
Southern District No. 2827837
emcdonnell@millsshirley.com
**MILLS SHIRLEY LLP**
2228 Mechanic Street, Suite 400
Galveston, Texas 77550
(409) 761-4001 (Telephone/Facsimile)
**ATTORNEYS FOR DEFENDANTS**
**GALVESTON COUNTY and**
**SHERIFF, HENRY TROCHESSET**

*/s/ Christopher G. Rigler*
Christopher G. Rigler
Corey Reed