# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| KELLY STEVENSON-COTTON, *et al.*, § | | |
| *Plaintiff*, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 3:21-cv-00098 | |
| § | | |
| GALVESTON COUNTY, *et al.* § | | |
| *Defendants*. § | | |

## DEFENDANTS GALVESTON COUNTY AND
## SHERIFF HENRY TROCHESSET'S ANSWER

TO THE HONORABLE JUDGE BROWN:

Defendants Galveston County and Sheriff Henry Trochesset collectively, ("County Defendants") make the following answer:

### I.   GENERAL DENIAL

1.   Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, defendant Galveston County denies all factual allegations contained in the Complaint except those expressly admitted below.

### II.   ADMISSIONS & DENIALS

2.   Introduction—The conclusions and allegations in the unnumbered initial paragraphs do not require a responsive pleading. Nevertheless, County Defendants deny those conclusions and allegations. County Defendants assert they are not liable in Plaintiffs' suit and deny they violated any law.

3. Paragraph 1—County Defendants deny having sufficient knowledge or information to form a belief as to the allegations and therefore deny.

4. Paragraph 2—Admit.

5. Paragraph 3—County Defendants admit the Sheriff Henry Trochesset is the elected Sheriff but denies the remainder.

6. Paragraph 4—County Defendants admit the Garry Killyon was the supervising physician but denies the remainder.

7. Paragraph 5—Deny. Becker was dismissed from this suit on September 1, 2021. [Dkt. 33].

8. Paragraph 6—County Defendants admit only that the Boon-Chapman entity provided medical care to inmates at the Galveston County Jail pursuant to contractual agreement with Galveston County. County Defendants deny the remaining allegations.

9. Paragraph 7—County Defendants admit that Soluta, Inc. is a subsidiary of Boon-Chapman that provided medical care to inmates at Galveston County Jail pursuant to contractual agreement with Galveston County. County Defendants deny the remaining allegations.

10. Paragraph 8—Deny.

11. Paragraph 9—County Defendants admit that Kathy White is a licensed registered nurse and that she served as administrator and nurse for Boon-Chapman and Soluta, Inc. at the Galveston County Jail, and that she was contracted through Boon-Chapman.

County Defendants admit that Kathy White is also known as Kathy Jordan and Kathy White Jordan. County Defendants deny the remaining allegations.

12. Paragraph 10—County Defendants admit that Dr. Erin Barnhart was the medical examiner. County Defendants deny the remaining allegations.

13. Paragraph 11—County Defendants admit this Court has jurisdiction over Plaintiffs' claims in the First Amended Complaint. County Defendants deny, however, any violation of any law. The remaining allegations are denied.

14. Paragraph 12—Insufficient information and knowledge to admit or deny.

15. Paragraph 13—Insufficient information and knowledge to admit or deny.

16. Paragraph 14—Insufficient information and knowledge to admit or deny.

17. Paragraph 15—Insufficient information and knowledge to admit or deny.

18. Paragraph 16—Insufficient information and knowledge to admit or deny.

19. Paragraph 17—Insufficient information and knowledge to admit or deny.

20. Paragraph 18—Admit that Decedent had been in the Galveston County Jail in the past. County Defendants deny the remaining allegations.

21. Paragraph 19—County Defendants deny the remaining allegations.

22. Paragraph 20—County Defendants deny the remaining allegations.

23. Paragraph 21—County Defendants deny the remaining allegations.

24. Paragraph 22—Deny.

25. Paragraph 23—Deny.

26. Paragraph 24—Deny.

27. Paragraph 25—Deny.

28. Paragraph 26—Insufficient information and knowledge to admit or deny.

29. Paragraph 27—Deny.

30. Paragraph 28—Deny.

31. Paragraph 29—Deny.

32. Paragraph 30—Deny.

33. Paragraph 31—Deny.

34. Paragraph 32—Deny.

35. Paragraph 33—Deny.

36. Paragraph 34—Deny.

37. Paragraph 35—Deny.

38. Paragraph 36—Deny.

39. Paragraph 37—Deny.

40. Paragraph 38—Deny.

41. Paragraph 39—Deny.

42. Paragraph 40—Insufficient information and knowledge to admit or deny.

43. Paragraph 41—Deny.

44. Paragraph 42—Deny.

45. Paragraph 43—Deny.

46. Paragraph 44—Deny.

47. Paragraph 45—Deny.

48. Paragraph 46—Deny.

49. Paragraph 47—Insufficient information and knowledge to admit or deny.

50. Paragraph 48—Deny.

51. Paragraph 49—Deny.

52. Paragraph 50—Deny.

53. Paragraph 51—Deny.

54. Paragraph 52—Deny.

55. Paragraph 53—Deny.

56. Paragraph 54—Deny.

57. Paragraph 55—Deny.

58. Paragraph 56—Deny.

59. Paragraph 57—Deny.

60. Paragraph 58—Deny.

61. Paragraph 59—Deny.

62. Paragraph 60—Deny.

63. Paragraph 61—Deny.

64. Paragraph 62—Deny.

65. Paragraph 63—Deny.

66. Paragraph 64—Deny.

67. Paragraph 65—County Defendants admit that Kathy White is a licensed registered nurse and that she served as administrator and nurse for Boon-Chapman and Soluta,

Inc., at the Galveston County Jail, and that she was contracted through Boon-Chapman. County Defendants admit that Kathy White annually reviewed and approved the jail medical policies and procedures.

68. Paragraph 66—County Defendants admit Kathy White has been convicted of crimes. County Defendants deny the remaining allegations.

69. Paragraph 67—County Defendants admit Kathy White has been convicted of crimes. County Defendants deny the remaining allegations.

70. Paragraph 68—Deny.

71. Paragraph 69—Insufficient information and knowledge to admit or deny.

72. Paragraph 70—Deny.

73. Paragraph 71—County Defendants admit only that Dr. Garry Killyon was a medical doctor at the Galveston County Jail and annually reviewed and approved the jail medical policies and procedures. County Defendants deny the remaining allegations.

74. Paragraph 72—Deny.

75. Paragraph 73—Deny.

76. Paragraph 74—Deny.

77. Paragraph 75—Deny.

78. Paragraph 76—County Defendants admit during the relevant time Boon-Chapman was the private health contractor who provided medical services to the Galveston County Jail. County Defendants deny the remaining allegations

79. Paragraph 77—Insufficient information and knowledge to admit or deny.

80. Paragraph 78—County Defendants admit only that Soluta, Inc. is a subsidiary of Boon-Chapman that provided medical care to inmates at Galveston County Jail pursuant to contractual agreement with Galveston County. County Defendants deny the remaining allegations.

81. Paragraph 79—Deny.

82. Paragraph 80—Insufficient information and knowledge to admit or deny.

83. Paragraph 81—County Defendants re-allege its responses to the preceding paragraphs.

84. Paragraph 82—Deny.

85. Paragraph 83—Deny.

86. Paragraph 84—Deny.

87. Paragraph 85—Deny.

88. Paragraph 86—The allegations are legal conclusions to which no responsive pleading is required. Nevertheless, County Defendants deny the allegations.

89. Paragraph 87—The allegations are legal conclusions to which no responsive pleading is required. Nevertheless, County Defendants deny the allegations.

90. Paragraph 88—Deny.

91. Paragraph 89—Deny.

92. Paragraph 90—Deny.

93. Paragraph 91—County Defendants re-allege its responses to the preceding paragraphs.

94. Paragraph 92—The allegations are legal conclusions to which no responsive pleading is required. Nevertheless, County Defendants deny the allegations.

95. Paragraph 93—The allegations are legal conclusions to which no responsive pleading is required. Nevertheless, County Defendants deny the allegations.

96. Paragraph 94—Deny.

97. Paragraph 95—Deny.

98. Paragraph 96—County Defendants re-allege its responses to the preceding paragraphs.

99. Paragraph 97—Deny.

100. Paragraph 98—Deny.

101. Paragraph 99—Deny.

102. Paragraph 100—Deny.

103. Paragraph 101—Deny.

104. Paragraph 102—Deny.

105. Paragraph 103—Deny.

106. Paragraph 104—County Defendants re-allege its responses to the preceding paragraphs.

107. Paragraph 105—Deny.

108. Paragraph 106—Deny.

109. Paragraph 107—Deny.

110. Paragraph 108—Deny.

111. Paragraph 109—County Defendants re-allege its responses to the preceding paragraphs.

112. Paragraph 110—Deny.

113. Paragraph 111—Deny.

114. Paragraph 112—Deny.

115. Paragraph 113—Deny.

116. Paragraph 114—Deny.

117. Paragraph 115—Deny.

118. Paragraph 116—Insufficient information and knowledge to admit or deny.

119. Paragraph 117—Deny.

120. Paragraph 118—County Defendants re-allege its responses to the preceding paragraphs.

121. Paragraph 119—Deny.

122. Paragraph 120—Deny.

123. Paragraph 121—Deny.

124. Paragraph 122—Deny.

125. Paragraph 123—Deny.

126. Paragraph 124—Deny.

127. Paragraph 125—County Defendants re-allege its responses to the preceding paragraphs.

128. Paragraph 126—Deny.

129. Paragraph 127—Deny.

130. Paragraph 128—Deny.

131. Paragraph 129—County Defendants re-allege its responses to the preceding paragraphs.

132. Paragraph 130—Deny.

133. Paragraph 131—Deny.

134. Paragraph 132—Deny.

135. Paragraph 133—Deny.

136. Paragraph 134—County Defendants re-allege its responses to the preceding paragraphs.

137. Paragraph 135—Deny.

138. Paragraph 136—Deny.

139. Paragraph 137—Deny.

140. Paragraph 138—County Defendants admit that Barnhart is the medical examiner and deny the remaining allegations.

141. Paragraph 139—Deny.

142. Paragraph 140—Deny.

143. Paragraph 141—Deny.

144. Paragraph 142—Deny.

145. Paragraph 142—Deny.

146. Paragraph 143—The allegations are legal conclusions to which no responsive pleading is required. Nevertheless, County Defendants deny the allegations.

147. Paragraph 144—Deny.

148. Paragraph 145—The allegations are legal conclusions to which no responsive pleading is required. Nevertheless, County Defendants deny the allegations.

149. VII. Attorney's Fees—County Defendants deny Plaintiffs are entitled to any relief. The allegations contained in this unnumbered Paragraph are legal conclusions to which no responsive pleading is required. Nevertheless, County Defendants deny the allegations.

150. VII. All Claims Against Sheriff Trochesset—County Defendants agree that all claims against Sheriff Trochesset are dismissed.

151. X. Prayer—This portion of Plaintiffs' pleading constitutes Plaintiffs' prayer for relief. County Defendants deny Plaintiffs are entitled to any relief.

### III. DEFENSES

152. County Defendants assert the following defenses in the alternative:

(a) Plaintiffs have failed to state a claim or cause of action upon which relief can be granted over which this Court has jurisdiction.

(b) Plaintiffs' Original Petition filed in state court is defective on its face and fails to meet minimum pleading requirements under Fed. R. Civ. P 8(a).

(c) The Decedent's acts, negligence, or omissions, or fault proximately caused or contributed to his injuries.

(d) County Defendants deny a breach in the standard of care that caused or contributed to Decedent's injuries, and County Defendants are not liable for pre-existing injuries, or injuries that arose subsequently, and are not proven to be proximately related.

(e) County Defendants plead that Plaintiffs have failed to establish their status as the heir of Mr. Cotton or the representative of Mr. Cotton's estate.

(f) Plaintiffs fail to establish any award of actual, consequential, punitive, or other damages; punitive damages are expressly not recoverable against Galveston County. Plaintiffs' recovery, if any, is limited to damages allowed under law.

(g) Plaintiffs' recovery of medical expenses, if any, is limited to the amount of medical expenses actually paid or incurred and that were reasonable and necessary. *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).

(h) To the extent Plaintiffs suffered recoverable damages (which County Defendants deny), Plaintiffs' damages are barred in whole or in part by failure to mitigate.

(i) County Defendants further plead the defense of reasonable set-off, credit, or reimbursement in the amount of medical expenses and benefits provided by the entity where Decedent received medical services.

(j) County Defendants assert immunity and the provisions of the Texas Tort Claims Act, Ch. 101 of the Texas Civil Practice and Remedies Codes, including the monetary limits permitted by the Act. Further, Plaintiffs have failed to allege a waiver of immunity for state law claims.

(k) Plaintiffs' damages were proximately caused by unforeseeable, independent, intervening and/or superseding acts beyond the control and unrelated to any actions or conduct of County Defendants; alternatively, the damages were caused by the acts of a third party not under the control of County Defendants.

(l) County Defendants plead that some or all of the injuries for which Plaintiffs bring this lawsuit are the result of pre-existing medical conditions or addictions unrelated to the alleged acts and/or omissions of County Defendants.

(m) County Defendants deny a breach of the applicable standards of care and deny causation. County Defendants also are not liable for the acts or omissions of third parties or independent contractors.

(n) County Defendants plead that Plaintiffs failed to provide pre-suit notice as required under law under the Texas Tort Claims Act.

(o) County Defendants plead the limitations on recoverable non-economic damages under the Texas Civil Practice and Remedies Code.

(p) County Defendants plead that Plaintiffs cannot meet the burden of showing the extremely high standard of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

(q) County Defendants plead that to the extent Plaintiffs' 42 U.S.C. § 1983 claims are based on the doctrine of respondeat superior, such claims are barred as a matter of law.

(r) County Defendants plead that Plaintiffs cannot meet the burden to show County Defendants' alleged acts were malicious, willful, grossly negligent, and/or with reckless indifference to Decedent's protected rights.

(s) County Defendants plead that neither any County agents, employees or representatives nor Sheriff Trochesset took actions or engaged in conduct which violated any law, and County Defendants did not direct, authorize, ratify, aid, abet, incite, or coerce their conduct or actions, if any. County Defendants acted in compliance with applicable laws at all relevant times. Plaintiffs cannot meet the burden to establish Mr. Cotton's constitutional rights were violated to clearly established law. *Ashcroft v. al-Kidd*, 563 U.S. 731, 734 (2011).

(t) Pleading further and in the alternative, County Defendants assert Sheriff Trochesset is entitled to qualified immunity from the federal claims in Plaintiffs' suit.

(u) County Defendants assert Sheriff Trochesset is entitled to official immunity in the state law claims in Plaintiffs' suit.

(v) County Defendants assert Galveston County is entitled to sovereign and/or governmental immunity.

(w) County Defendants assert Plaintiffs have failed to provide a written expert report for each health care provider against whom a claim of health care liability has been made in violation of the Texas Civil Practice and Remedies Code.

(x) County Defendants assert that Plaintiffs' claims are barred as re-casted health care liability claims

## IV. REQUEST FOR RELIEF

153. FOR THESE REASONS, defendants Galveston County and Sheriff Henry Trochesset respectfully request this Court render judgment that Plaintiffs take nothing against them, dismiss them with prejudice, assess costs and attorney's fees against Plaintiffs, and award all other relief to which County Defendants may be justly entitled in law or in equity.

Respectfully submitted,

**MILLS SHIRLEY L.L.P.**
2228 Mechanic St., Suite 400
Galveston, TX 77550
Phone: 409.761.4001

By: _____
   Robert E. Booth
   ATTORNEY-IN-CHARGE
Texas Bar No. 24040546
S.D. of Texas Bar No. 36858
rbooth@millsshirley.com
   L. Jeth Jones, II
Texas Bar No. 24012927
S.D. of Texas Bar No. 36350
jjones@millsshirley.com

**ATTORNEYS FOR DEFENDANTS**

**GALVESTON COUNTY AND SHERIFF, HENRY TROCHESSET**

## CERTIFICATE OF SERVICE

By my signature below, I certify that I served a copy of this document on the following parties by **ECF** on **September 30, 2022**:

Plaintiff, Kelly Stevenson-Cotton, individually and as the heir of Ronald Glen Cotton, Jr., and as representative of The Estate of Ronald Glen Cotton, Jr., through attorneys of record:

    U.A. Lewis (myattorneyatlaw@gmail.com)
    Okwudili Onyekwelu (oonyekwelu@thelewislaw.com)
    Damion Millington (dmilington@thelewislaw.com)
    **THE LEWIS LAW GROUP**
    P.O. Box 27353
    Houston, Texas 77227

Defendants, Boon-Chapman Benefit Administrators, Inc., Soluta, Inc., Soluta Health, Inc., Garry Killyon and Kathy White a/k/a Kathy Jean Jordan, through attorneys of record:

    Christopher G. Rigler (crigler@thompsoncoe.com)
    Zandra E. Foley (zfoley@thompsoncoe.com)
    Cory S. Reed (creed@thomsoncoe.com)
    **THOMPSON, COE, COUSINS & IRONS, L.L.P.**
    700 North Pearl Street, 25th Floor
    Dallas, Texas 75201

Defendants, Galveston County & Sheriff, Henry Trochesset, through attorneys of record:

    Robert E. Booth (rbooth@millsshirley.com)
    L. Jeth Jones, II (jjones@millsshirley.com)
    **MILLS SHIRLEY L.L.P.**
    2228 Mechanic St., Ste 400
    Galveston, TX 77550

By: _____
    Robert E. Booth
    Texas Bar No. 24040546